UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUE SAYLOR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 1:13-CV-110 RLM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Sue Saylor seeks judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. §§ 423 and 138. The court has jurisdiction over this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the court remands the Commissioner's decision.

Ms. Saylor asserted disability beginning December 22, 2008 due to various physical and mental impairments. Her applications for benefits were denied initially, on reconsideration, and after an administrative hearing in June 2010 where counsel represented her. The Appeals Council remanded the ALJ's November 2010 decision in December 2011, and the ALJ again denied Ms. Saylor's applications for benefits after a remand hearing in April 2012 in which Ms. Saylor was represented by counsel.

Ms. Saylor challenges the ALJ's November 1, 2012 decision, in which the ALJ considered the documentary evidence and the April 3, 2012 testimony of Ms. Saylor, Ms. Saylor's friend Thomas Kilisz, Patrick W. Utz, Ph.D., and vocational expert Marie N. Kieffer. Applying the agency's standard five-step analysis, 20 C.F.R. § 404.1520, the ALJ found that Ms. Saylor (1) hadn't engaged in substantial gainful activity since December 22, 2008; (2) had severe physical and mental impairments, including depression, bilateral sensory-neural hearing loss, and chronic obstructive pulmonary disease; (3) didn't have an impairment or combination of impairments that met or medically equaled the severity of any impairment in 20 C.F.R. Part 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (4) had the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with several mental and physical limitations[1], but couldn't perform past relevant work (20 C.F.R. §§ 404.1565 and 419.965); and (5) given her age, education, work experience, and residual functional capacity, she could perform other jobs that existed in significant numbers in the national economy including, but not limited to, kitchen helper/dishwasher (4,000 jobs in Indiana and 200,000 nationally); hand packager (1,500 jobs in Indiana and

---

[1] The ALJ set forth the following specific limitations:
[Ms. Saylor] has the residual functional capacity to perform medium work . . . except that she is limited to simple tasks with superficial contact with coworkers and supervisors, no work with the public, and in a relatively unchanging setting and process. She must avoid concentrated exposure to extreme heat and cold, humidity, noise, fumes, odors, dusts, gases, and poor ventilation.

60,000 nationally); and cook's helper (4,000 jobs in Indiana and 200,000 nationally). The ALJ concluded that Ms. Saylor wasn't disabled within the meaning of the Act and so wasn't entitled to benefits. When the Appeals Council denied Ms. Saylor's request for review after the remand hearing, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

Ms. Saylor asks the court to either reverse the Commissioner's decision or remand the case for further proceedings based on her arguments that the ALJ failed to consider all of the relevant evidence and the ALJ's residual functional capacity assessment was not supported by substantial evidence.

I. STANDARD OF REVIEW

The issue before the court isn't whether Ms. Saylor is disabled, but whether substantial evidence supports the ALJ's decision that she is not. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). In reviewing the ALJ's decision, the court can't reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner, Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000), but must "conduct a

3

critical review of the evidence, considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision." Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005). While the ALJ isn't required "to address every piece of evidence or testimony presented, he must provide a 'logical bridge' between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010).

## II. DISCUSSION

Ms. Saylor argues that the ALJ erred by failing to consider the Medical Source Statement of John T. Taylor, M.D., a SSA consulting physician who examined Ms. Saylor "for the purpose of providing information to the state disability office for their use in making a determination of disability." Rec., at 605. The ALJ's most recent decision doesn't mention Dr. Taylor's Medical Source Statement aside from a reference to the exhibit containing that report. According to Ms. Saylor, the ALJ's failure to address Dr. Taylor's report amounts to reversible error because, first, Dr. Taylor's opinion directly contradicts the ALJ's conclusion and, instead, supports a finding of disability and, second, a Medical Source Statement like Dr. Taylor's "is medical opinion evidence that an adjudicator must consider . . . when assessing an individual's RFC." Pltf. Br., at 12 (*quoting* SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)).

4

Dr. Taylor conducted his examination of Ms. Saylor in July 2010. Rec., at 605. In his assessment of Ms. Saylor's ability to do work-related activities, Dr. Taylor concluded that she could sit for two hours, stand for one hour, and walk for half an hour without interruption, and sit for four hours, stand for two hours, and walk for two hours during an eight hour workday, Rec., at 616; lift and carry up to fifty pounds occasionally, Rec., at 615; occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps, but never climb ladders or scaffolds. Rec., at 618. Dr. Taylor also concluded that while Ms. Saylor could tolerate occasional exposure to humidity, wetness, extreme temperatures, and noise, she couldn't tolerate exposure to unprotected heights, moving mechanical parts, dust, odors, fumes, and pulmonary irritants. Rec., at 619. Those conclusions, Ms. Saylor says, support a finding that she can't perform medium work, where "being on one's feet for most of the workday is critical," or light work, which requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Pltf. Br., at 12 (*quoting* SSR 83-10, 1983 WL 31251, at *6 (1983)). Ms. Saylor maintains the ALJ's failure to address Dr. Taylor's conclusions relating to her residual functional capacity renders the ALJ's decision insufficient and prevents a meaningful review of her case.

In response, the Commissioner agrees that the ALJ "could have more clearly articulated the weight she gave to Dr. Taylor's opinion," but asserts that Dr. Taylor's conclusions were inadequate: "although the form [used by Dr. Taylor] expressly and repeatedly instructed him to identify [his] findings, and [] left space

5

for him to explain how the findings supported his assessment," Dr. Taylor didn't identify any medical findings to support the limitations he listed. Resp., at 7. By contrast, the Commissioner says, the report of the state agency physician who reviewed Ms. Saylor's file and whose opinion served as the basis for the ALJ's RFC finding, contained considerable detail about the evidence he relied on to support his opinion. *See* Resp., at 8 (*citing* Rec., at 779-780). The Commissioner concludes that the ALJ's reliance on the opinion of the reviewing state agency physician was reasonable and "any error in her failing to more clearly articulate her assessment of the limitations found by Dr. Taylor was harmless." Resp., at 8. The court can't agree. "[T]he fact that the administrative law judge, had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless. Had she considered it carefully, she might well have reached a different conclusion." Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010).

An ALJ evaluating a disability claim must consider "*all* relevant evidence," Clifford v. Apfel, 227 F.3d 863, 871 (7th Cir. 2000) (emphasis in original), not just "evidence that favors [her] ultimate conclusion." Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). "While the ALJ need not articulate [her] reasons for rejecting every piece of evidence, [s]he must at least minimally discuss a claimant's evidence that contradicts the Commissioner's position." Godbey v. Apfel, 238 F.3d 803, 808 (7th Cir. 2000). The court has no way of determining whether the Commissioner's current assessment of Dr. Taylor's report matches the ALJ's

6

assessment of the report. *See* Stewart v. Astrue, 561 F.3d 679, 684 (7th Cir. 2009) ("[A]n ALJ must articulate in a rational manner the reasons for his assessment of a claimant's residual functional capacity, and in reviewing that determination a court must confine itself to the reasons supplied by the ALJ."). Aside from the single reference to the exhibit containing Dr. Taylor's Medical Source Statement, *see* Rec., at 18 (*citing* Exh. 25F), the ALJ didn't indicate that she had considered Dr. Taylor's opinion or that she agreed or disagreed with his opinion when making her decision relating to Ms. Saylor's residual functional capacity. *See* Godbey v. Apfel, 238 F.3d 803, 808 (7th Cir. 2000) (remanding case where an ALJ provided no reason as to why a doctor's report was not discussed). "For meaningful appellate review, [the court] must be able to trace the ALJ's path of reasoning." Clifford v. Apfel, 227 F.3d 863, 874 (7th Cir. 2000); *see also* Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir 2010) (discussing the need for a "logical bridge"); Scivally v. Sullivan, 966 F.2d 1070, 1076 (7th Cir. 1992) (requiring ALJ to at least "minimally articulate his reasons for crediting or rejecting evidence of disability"). When, as here, no such reasons were given, the court can't determine whether the ALJ rejected Dr. Taylor's opinion and, if she did so, whether she did so properly. For that reason, Ms. Saylor's case must be remanded. *See* Myles v. Astrue, 582 F.3d 672, 678 (7th Cir. 2009) ("It is not enough for the ALJ to address mere portions of a doctor's report."); Godbey v. Apfel, 238 F.3d 803, 808 (7th Cir. 2000) ("As the Commissioner points out, there are many reasons why the ALJ could have disregarded Dr. O'Shaughnessy's report. . . . But this court cannot evaluate

7

whether the ALJ properly rejected this evidence in favor of the other doctors' reports, or even ensure that the ALJ examined this report, unless the ALJ explains his reasoning.").

III. CONCLUSION

The court concludes that the ALJ didn't provide a logical bridge between the evidence and her conclusions relating to Ms. Saylor's residual functional capacity. Because the ALJ's failure to address Dr. Taylor's Medical Source Statement doesn't allow for meaningful appellate review of Ms. Saylor's claim, the court REMANDS the final decision of the Commissioner of Social Security.

SO ORDERED.

ENTERED:  May 29, 2014 

  /s/ Robert L. Miller, Jr.  
Judge, United States District Court